# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1450
_____

Streambend Properties III, LLC; Streambend Properties IV, LLC

*Plaintiffs - Appellants*

v.

Sexton Lofts, LLC; JJT LLC; JJT Development LLC; Heather Enterprises II, LP;
Medved LP; MRM Management Corp.; Regency Commercial Services of
Minnesota LLC; Regency Commercial Services LC; Sexton I, LLC; Brett A.
Thielen, (address unknown); Nedal Abdul-Hajj; Burnet Realty, LLC; John Doe;
Mary Rowe; XYZ, Corp.; Robert T. Myers; James M. Myers, as managing trustee
for the Michael R. Myers Trust

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: October 9, 2014
Filed: December 30, 2014
[Unpublished]

_____

Before COLLOTON, BRIGHT, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Appellants Streambend Properties III, LLC, and Streambend Properties IV, LLC (collectively "Streambend"), appeal the district court's[1] dismissal of claims brought against various defendants that invested in Sexton Lofts, LLC, a real estate development located in Minneapolis, Minnesota. The claims arise out of Streambend's attempt to purchase two condominium units in Sexton Lofts. On appeal, Streambend argues that the district court erred in the following respects:

(1) by dismissing Streambend's Interstate Land Sales Full Disclosure Act claims on the ground that they are barred by the Act's three-year statute of limitations under 15 U.S.C § 1711(a)(2);

(2) by dismissing Streambend's Minnesota Common Interest Ownership Act claim on the ground that Streambend was not a "purchaser" within the meaning of the Act;

(3) by dismissing Streambend's fraud and negligent misrepresentation claims on the ground that Streambend cannot show that it acted in reliance on any alleged representations;

(4) and by dismissing Streambend's state law claims on *res judicata* grounds.

Upon de novo review, *see Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008), we agree with the rationale set forth by the district court in dismissing Streambend's claims. Seeing no error in the district court's thorough, well-reasoned opinion, we affirm. *See* 8th Cir. R. 47B (stating that an affirmance

---

[1]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

without opinion is appropriate if the opinion would have no precedential value and no error of law appears).

———————————————